IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DAIRY FARMERS OF AMERICA, INC.**                                    **PLAINTIFF**

v.                                          Case No. 4:25-cv-000662-JM

**WESTROCK COFFEE COMPANY,**
**WESTROCK BEVERAGE COMPANY, LLC,**
**JULIA ISAKSON, BRIAN IZDEPSKI,**
**REBECCA HUCKABAY, CEDRIC SMITH,**
**DUSTIN SLAGLE, PATRICIA BETHUREM,**
**AND WENDY DAVIS**                                                    **DEFENDANTS**

## ORDER

This case was transferred to the Eastern District of Arkansas from the Western District of Missouri in July of this year. Pending are three motions that are ripe for consideration: defendants' partial motion to dismiss (Doc. No. 115); plaintiff's motion to strike (Doc. No. 132); and plaintiff's motion for leave to file a reply to the motion to strike (Doc. No. 136). The motions are addressed in the order in which they were filed.

1. Westrock Coffee Company (Westrock Coffee) and Westrock Beverage Company, LLC (Westrock Beverage) (referred to collective as the "Westrock Defendants") filed a motion to dismiss Plaintiff's claim for piercing the corporate veil pursuant to Rule 12(b)(6). In its Second Amended Complaint (Doc. No. 107), Dairy Farmers of America, Inc. (DFA) enumerates eight separate claims, including misappropriate of trade secrets in violation of the Defend Trade Secrets Act, the Missouri's Trade Secrets Act, and the Arkansas's Uniform Trade Secrets Act; breach of contract and breach of duty of loyalty against its former employees, the individual defendants; additional breach of contract claims against Defendants Isakson and Izdepski; and piercing the corporate veil between Westrock Coffee and Westrock Beverage.

1

To the extent that DFA attempts to state a separate claim for piercing the corporate veil, the Westrock Defendants motion to dismiss is granted. Under federal, Arkansas, and Missouri law, "piercing the corporate veil under an alter ego theory is best thought of as a remedy to enforce a substantive right, and not as an independent cause of action." *Tamko Roofing Prods., Inc. v. Smith Eng'g Co.*, 450 F.3d 822, 826, fn.2 (8th Cir. 2006) (citation omitted); *Graybar Elec. Co., Inc. v. Weyerhaeuser Co.*, No. 4:18-CV-4128, 2019 WL 12073982, at *6 (W.D. Ark. July 11, 2019); and *Bracht v. Grushewsky*, 448 F. Supp. 2d 1103 (E.D. Mo. 2006). Viewing the allegations of the complaint most favorably to DFA does not alter this analysis. To the extent that DFA intended to put the Westrock Defendants on notice that it will seek this remedy, it has done so.

2. DFA filed a motion to strike several portions of the Westrock Defendants' answer, including the introduction and numerous affirmative defenses. Federal Rule of Civil Procedure 12(f) grants district courts the power to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health System v. Columbia Casualty Co.*, 478 F.3d 908, 917 (8th Cir. 2007). As summarized by Wright & Miller:

> [F]ederal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action. Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party.

5C Wright & Miller's Federal Practice & Procedure. Civ. § 1382 (3d ed. 2004) (footnote citations omitted). After reviewing the motion to strike and the response, the Court does not find it necessary to employ this "extreme and disfavored remedy" on the portions of the answer

challenged by DFA. *BJC Health System* at 917. To the extent that the Westrock Defendants engaged in argument in their answer, a jury will not see the pleadings and the Court routinely overlooks argumentative portions of pleadings. The challenged affirmative defenses could be relevant to DFA's claims and are sufficient to raise the issues even if some or all the defenses are not pursued. DFA is not prejudiced by the inclusion of the affirmative defenses which are routinely pleaded before the Court.

    3. DFA's motion for leave to file a reply in further support of its motion to strike is denied. Enough time and resources have already been spent on this issue.

    IN CONCLUSION:

1. Defendants' partial motion to dismiss (Doc. No. 115) is GRANTED
2. Plaintiff's motion to strike (Doc. No. 132) is DENIED; and
3. Plaintiff's motion for leave to file a reply to the motion to strike (Doc. No. 136) is DENIED.

IT IS SO ORDERED this 28th day of October, 2025.

_____
UNITED STATES DISTRICT JUDGE